**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **JO-ANN FIELDS, Individually and on** ) <br> **Behalf of CAMERON FIELDS and** ) <br> **CHERISH FIELDS, Minor Children,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **vs.** ) <br> ) <br> **OMAHA HOUSING AUTHORITY, and** ) <br> **BRAD ASHFORD,** ) <br> ) <br> **Defendants.** ) | **CIVIL CASE NUMBER: _____** |

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF**
**AND**
**DEMAND FOR JURY**

**I.  INTRODUCTION**

COMES NOW Plaintiff Jo-Ann Fields, individually, and on behalf of Cameron Fields and Cherish Fields, minor children, by and through her attorney Catherine Mahern of the Abrahamson Legal Clinic, and states and alleges as follows:

1.      Plaintiff seeks monetary, declarative and injunctive relief against Defendant for the denial of Plaintiff's due process rights in violation of the Federal Civil Rights Act of 1866, 42 U.S.C. § 1983.

**II.  JURISDICTION AND VENUE**

2.      Jurisdiction is conferred on this Court by 42 U.S.C. § 1983.

3.      Declaratory and injunctive relief is sought pursuant to 28 U.S.C. § 2201, U.S. CONST. amend. V, as well as Rules 57 and 65 of the Federal Rules of Civil Procedure.

4.      Venue is proper under 28 U.S.C. § 1391 in that all events giving rise to the claims alleged herein occurred in Omaha, Douglas County, Nebraska.

### III.  PARTIES

5.      Plaintiff Jo-Ann Fields resides in Omaha, Nebraska with her minor children, Cameron Fields, age 16, and Cherish Fields, age 18.

6.      Defendant Omaha Housing Authority is a Public Housing Authority organized under the laws of the State of Nebraska as found at Neb. Rev. Stat. 71 § 1518-1554 (Reissue 2003).

7.      Defendant Omaha Housing Authority provides and administers housing assistance under the Section 8 program which is federally funded under 24 CFR 982.311

8.      Defendant Brad Ashford is the executive Director of the Omaha Housing Authority, and was so employed at all times relevant to this matter.

9.      At all times relevant herein, Defendant Ashford, in doing the acts or in omitting to act as alleged in this Complaint, was the agent, employee, or representative of Defendant Omaha Housing Authority, and was acting within the scope of his actual or apparent authority pursuant to such employment or representation.

### IV. FACTS

10.     Defendant Omaha Housing Authority provides and administers housing assistance to low-income individuals and families under the Section 8 Program, a federally funded program administered by the United States Department of Housing and Urban Development (HUD), and the provisions of the United States Housing Act, 42 U.S.C. § 1437(f) and various HUD regulations.

11.     In April 2004 Plaintiff was the recipient of benefits under the Section 8 Housing Choice Program of Defendant Omaha Housing Authority.

12.     On April 20, 2004 Plaintiff received a letter from Sophia Allen, an employee of Defendant Omaha Housing Authority, which stated that Plaintiff had failed to report a change in family income within ten (10) days of the date of the change, that Plaintiff's rent was retroactively recalculated, that Plaintiff owed Defendant Omaha Housing Authority $3,876.00,

that Plaintiff must pay a deposit of $775.20 and appear on May 28, 2004 to sign a promissory note in the sum of $3,100.80.

13.     The Omaha Housing Authority Section 8 Administrative Plan, adopted by Defendant Omaha Housing Authority states in Chapter 12, section G that "Families will not be required to report increases in Income/Assets between regular annual re-examinations."

14.     The letter from Defendant Omaha Housing Authority dated April 20, 2004 stated that Plaintiff failure to meet the requirements of paying the $775.20 and signing the promissory note in the sum of $3,100.80 would result in the termination of her Section 8 assistance.

15.     The letter from Defendant Omaha Housing Authority dated April 20, 2004 failed to provide or inform Plaintiff of any right she had to contest or dispute the determination or request an explanation of the determination that Plaintiff owed money to Defendant Omaha Housing Authority due to a retroactive recalculation of the rent, as required under 24 CFR §982.555 (c)(1).

16.     Immediately after Plaintiff received the letter dated April 20, 2004 from Defendant Omaha Housing Authority Plaintiff made numerous attempts to obtain information regarding the manner in which Defendant Omaha Housing Authority determined the recalculated rent, and informed Defendant Omaha Housing Authority that she disputed the claim.

17.     Plaintiff spoke to Sophia Allen and Joan Anderson, employees at Defendant Omaha Housing Authority, on numerous occasions shortly after receiving the letter of April 20, 2004 regarding the retroactive rent, and Plaintiff was informed that she would need to bring in any income documents to Defendant Housing Authority for review.

18.     On approximately May 20, 2004 Plaintiff took documentation to Defendant Omaha Housing Authority, including child support records, and Social Security benefit statements.

19.     After providing Defendant with the income information referenced in paragraph 18 above, Plaintiff received a notice of an increase of benefits for Cameron from the Social Security Administration, and immediately contacted her housing specialist, Philisa Smith, at Defendant Omaha Housing Authority, who scheduled a meeting with Plaintiff on approximately July 29, 2004, for a review of her case.

20.     On July 29, 2004, Plaintiff attended her review meeting with Philisa Smith, and inquired of Ms. Smith the status of her case and the retroactive rent due, and was informed by Ms. Smith that there was no paperwork in Plaintiff's file regarding that matter.

21.     A letter dated August 11, 2004 from Defendant Omaha Housing Authority received by Plaintiff on September 2, 2004, notified Plaintiff that her Section 8 benefits had been terminated as of June 1, 2004 for her failure to sign a promissory note on May 28, 2004, and notified Plaintiff of her right to a hearing.

22.     Plaintiff requested a hearing and on September 21, 2004, a hearing was held at the offices of Defendant Omaha Housing Authority.

23.     From September 2, 2004 and September 21, 2004 Plaintiff again attempted to gain information regarding Defendant Omaha Housing Authority's determination that she owed $3,876.00, by speaking to Joan Anderson, Arcine Rayford and Reginald Johnson, all employees of Defendant Omaha Housing Authority, who provided no explanation or documentation for the determination that Plaintiff owed such sum of money.

24.     On September 21, 2004 Plaintiff attended her hearing, with a hearing panel consisting of Antonya Jones, Bobby Lucas and Travestine Jones, and was also attended by Reginald Johnson, an employee of Omaha Housing Authority, and at which hearing Plaintiff was neither provided, nor shown any documentation used by Defendant Omaha Housing Authority to calculate the $3,876.00 sum of retroactive rent.

25.     The hearing panel conducting the informal hearing consisted of persons who were subordinate to the person who made or approved the decision under review by the panel, in violation of 24 CFR § 982.555 and Plaintiff's due process rights.

26.     Immediately after the informal hearing Plaintiff presented herself to the office of Defendant Ashford, to discuss with him the matter of the calculation of retroactive rent, and after waiting over one hour, was informed that she would not able to meet with Defendant Ashford, but that someone else would look into her problem.

27.     On September 24, 2004 a memorandum on the hearing results for Plaintiff's hearing was prepared by hearing panel member Bobby Lucas, in which the panel had determined that Plaintiff should remain terminated due to her failure to sign the promissory note.

28.     In a letter dated September 28, 2004 Defendant Omaha Housing Authority sent a letter to Plaintiff informing her of the outcome of the hearing and that her Section 8 benefits remained terminated.

29.     A written demand letter was sent to Defendant Ashford dated October 20, 2004, in which Plaintiff demanded that she be restored to all of her benefits, and that her Section 8 benefits be paid to her landlord, to which Defendants have failed to respond.

30.     Plaintiff and her children, as a result of Defendants' actions and inactions, are irreparably harmed by the loss of their housing benefits and have no reasonable housing alternatives.

31.     Plaintiff and her minor children are aggrieved persons under the Civil Rights Act 42 U.S.C. § 1983, and have been injured by Defendants' conduct and have suffered damages and a loss of civil rights, and face severe economic and personal loss.

32.     Plaintiff is suffering from anxiety, emotional distress, pain and other irreparable harm as a result of Defendant's actions.  Plaintiff has no adequate remedy at law.

33.     Defendants' adoption, use, and enforcement of administrative rules, policies and procedures has threatened to deny Plaintiff and her children of their needed housing opportunities.

## V. CLAIM FOR RELIEF
### COUNT I – 42 U.S.C. SECTION 1983

34.     Plaintiff incorporates by reference the allegations contained in paragraphs one through 33 above, as if fully set forth herein.

35.     Defendants, acting under color of law, are violating Plaintiff's civil rights under 42 U.S.C. § 1983 by:

a.     Denying Plaintiff her due process rights by failing to afford her the opportunity to have an explanation of the basis for Defendant Omaha Housing Authority determination of recalculated rent and that Plaintiff owed over $3,800 to Defendant Omaha Housing Authority, all in violation of 24 CFR § 982.555 (c)(1)

b.     Denying Plaintiff her due process rights by terminating Plaintiff's Section 8 benefits for failure to report income within ten (10) of any change in income where the Administrative Plan adopted by Defendant Omaha Housing Authority does not require families to report increases in income between regularly annual re-examinations.

        c.      Denying Plaintiff her due process rights by failing to afford her the opportunity for a hearing before a neutral fact finding panel that was not subordinate to the person who made or approved the decision to terminate Plaintiff's Section 8 benefits, all in violation of 24 CFR § 982.555 (e)(4).

        d.      Denying Plaintiff her due process rights by terminating Plaintiff's benefits prior to any opportunity for a due process hearing.

## JURY DEMAND

Plaintiff hereby requests a trial by jury.

## RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.      Enter a declaratory judgment that Defendants violated Plaintiff's due process right by failing to notify Plaintiff of her right to have an explanation of Defendant Omaha Housing Authority's determination that Plaintiff owed $3,876 in retroactive rent, all in violation of 24 CFR § 982.555(c)(1) and the Federal Civil Rights Act;

B.      Enter a declaratory judgment that Defendants violated Plaintiff's due process rights by determining that Plaintiff had failed to report a change of income within ten days, when there is no clear requirement for Plaintiff to do so, all in violation of the Federal Civil Rights Act;

C.      Enter a declaratory judgment that Defendants violated Plaintiff's due process rights by failing to provide her with neutral fact-finding panel that was not subordinate to the person who made or approved the decision to terminate Plaintiff's Section 8 benefits, all in violation of 24 CFR § 982.555 (e)(4) and the Federal Civil Rights Act;

D.      Enter a declaratory judgment that Defendants violated Plaintiff's due process rights by terminating Plaintiff's benefits prior to any opportunity for a due process hearing;

E.      Enter a preliminary injunction, ordering Defendants to immediately reinstate Plaintiff to the Section 8 Program, pay any rental benefits amount due and owing to Plaintiff's landlord, and continue the payment of her benefits pending the outcome of this case;

F.      Award Plaintiff an award of compensatory damages and punitive damages;

G.      Grant Plaintiff an award of reasonable costs, expenses and attorney's fees; and,

H.      Such other relief as this Court deems just and proper.

> JO-ANN FIELDS, Individually and on
> Behalf of CAMERON FIELDS and
> CHERISH FIELDS, Minor Children,
> Plaintiff

By: _____/S/_____
Catherine Mahern #19939
Abrahams Legal Clinic
2120 Cass Street
Omaha, Nebraska 68178
(402) 280-3068

**TRIAL DESIGNATED FOR OMAHA**