IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JO-ANN FIELDS, individually and on behalf of CAMERON FIELDS and CHERISH FIELDS, minor children,<br><br>Plaintiff,<br><br>vs.<br><br>OMAHA HOUSING AUTHORITY and BRAD ASHFORD,<br><br>Defendants. | 8:04CV554<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on cross-motions for summary judgment (filings 29, 35).[1] The plaintiff, Jo-Ann Fields, seeks a partial summary judgment declaring that she was wrongfully terminated from, and is entitled to be reinstated to, a federally funded "Section 8" housing assistance payments program[2] that is administered by the Omaha Housing Authority (OHA). The defendants, OHA and its executive director, Brad Ashford, who is sued only in his official capacity, meanwhile contend that the plaintiff has not alleged, and cannot prove, the existence of an unconstitutional municipal policy, which is essential to her claim for relief under 42 U.S.C. § 1983. Upon careful review of the pleadings, briefs, and evidentiary materials, I will deny the plaintiff's motion and grant the defendants' motion, but will grant the plaintiff leave to amend to state a claim upon which relief can be granted under § 1983.

---

[1] Defendants have also filed a motion for leave to file an amended brief and evidence index (filing 38), which will be granted <u>instanter</u>. The amended brief and evidence index are attached to the motion, are signed, and were provided to the plaintiff about two weeks before she filed a responsive brief.

[2] Section 8 of the Housing Act of 1937, 42 U.S.C. § 1437f.

## *I. Background*

Pursuant to applicable local rules,[3] the following material facts as set forth in the plaintiff's brief are deemed admitted:

1. Plaintiff was receiving Section 8 benefits from Defendant Omaha Housing Authority (OHA) every month in partial payment of her rent until September 2004.

2. Plaintiff was notified on or about April 22, 2004, that her family assistance was being terminated because she failed to report income in a timely manner and that she owed $3,876 in retroactive rent and was required to pay $775.20 and to sign a promissory note on May 28, 2004.

3. After receiving the notification of termination, Plaintiff contacted several individuals at OHA, including Sophia J. Allen and Joan Anderson (Director of the Section 8 Program for OHA), asking for an explanation of the retroactive rent calculation.

4. Ms. Anderson suggested that Plaintiff not sign the promissory note and that Plaintiff should bring documentation of Social Security

---

[3] Our local rules require the moving party to "set forth in the brief in support of the motion for summary judgment a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). "The party opposing a motion for summary judgment shall include in its brief a concise response to the moving party's statement of material facts. The response shall address each numbered paragraph in the movant's statement and, in the case of any disagreement, contain pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies. <u>Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response.</u>" NECivR 56.1(b)(1) (emphasis in original). The defendants have not responded to the plaintiff's statement of material facts, which are properly referenced.

benefits received by Plaintiff's children and the child support Plaintiff receives.

5. Plaintiff delivered the requested documents to OHA after talking with Ms. Anderson.

6. On July 2004, Plaintiff met with her caseworker, Philisia Smith, an employee of OHA, about the retroactive rent calculation and Ms. Smith told her she had no information about the retroactive rent calculation.

7. Philisia Smith sent Plaintiff a letter dated August 11, 2004, which Plaintiff [received] on approximately September 2, 2004, informing Plaintiff that she was being terminated for failure to sign the promissory note on May 28, 2004.

8. The letter dated August 11, 2004, offered Plaintiff the opportunity to request an informal hearing on the decision to terminate her assistance.

9. Plaintiff requested an informal hearing in writing.

10. The informal hearing was held on September 21, 2004, and the hearing panel consisted of Travestine Jones, Antonya Jones and Bobby Lucas, all employees of OHA.

11. The hearing officers presiding at the informal hearing were subordinate to Sophia J. Allen, the OHA employee who authored the Letter of April 20, 2004.

12. In a memorandum dated September 24, 2004, and written by Bobby Lucas, the panel recommended Plaintiff's Section 8 benefits remain terminated because she did not sign the promissory note.

13. Defendant, OHA has not paid the Section 8 portion of Plaintiff's rent since September 2004.

>     14.    At no time did Plaintiff receive an explanation of how the retroactive rent was calculated.

(Filing 30, pp. 3-4) (record references omitted).

The defendants have presented undisputed evidence that OHA promulgated written rules and regulations that were in effect at the time in question, and they have identified the following specific provisions as being material to the case:

> *Families will not be required to report increases in Income/Assets between regular annual re-examinations.*
>
> The Informal Hearing shall be conducted by the Hearing Officer appointed by the PHA who is neither the person who made or approved the decision, nor a subordinate of that person.
>
> The PHA must provide participants with the opportunity for an Informal Hearing for decisions related to any of the following PHA determinations:
> 1. Determination of the family's annual or adjusted income and the computation of the housing assistance payment.
> 2. Appropriate utility allowance used from schedule.
> 3. Family unit size determination under PHA subsidy standards.
> 4. Determination to terminate assistance for any reason.
> 5. Determination to terminate a family's FSS Contract, withhold supportive services, or propose forfeiture of the family's escrow account.
>
> The PHA must always provide the opportunity for an informal hearing before termination of assistance.
>
> When the PHA makes a decision regarding the eligibility and/or the amount of assistance, applicants and participants must be notified in writing. The PHA will give the family prompt notice of such determinations, which will include:
>     The proposed action or decision of the PHA;

4

> The date the proposed action or decision will take place;
> The family's right to an explanation of the basis for the PHA's decision;
> The procedures for requesting a hearing if the family disputes the action or decision;
> The time limit for requesting the hearing.

(Filing 36-2, pp. 4-5) (record references omitted) (italics in original).

## *II. Discussion*

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). See also Egan v. Wells Fargo Alarm Servs., 23 F.3d 1444, 1446 (8th Cir.1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. Bell v. Conopco, Inc., 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. Dancy v. Hyster Co., 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting Gregory v. City of Rogers, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." Id. Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Rule 56(e) provides that, when a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250. Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324.

### *A. The Plaintiff's Claim*

The plaintiff alleges that:

> Defendants,[4] acting under color of law, are violating Plaintiff's civil rights under 42 U.S.C. § 1983 by:

---

[4] There is no allegation that Mr. Ashford is being sued in his individual capacity. "Absent such an express statement, the suit is construed as being against the defendants in their official capacity." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). "A suit against a public employee in his or her official capacity is merely a suit against the public employer." Id. The plaintiff does not argue for a different construction of the complaint.

6

   a. Denying Plaintiff her due process rights by failing to afford her the opportunity to have an explanation of the basis for Defendant Omaha Housing Authority determination of recalculated rent and that Plaintiff owed over $3,800 to Defendant Omaha Housing Authority, all in violation of 24 CFR § 982.555 (c)(1).

   b. Denying Plaintiff her due process rights by terminating Plaintiff's Section 8 benefits for failure to report income within ten (10) days of any change in income where the Administrative Plan adopted by Defendant Omaha Housing Authority does not require families to report increases in income between regularly annual re-examinations.

   c. Denying Plaintiff her due process rights by failing to afford her the opportunity for a hearing before a neutral fact finding panel that was not subordinate to the person who made or approved the decision to terminate Plaintiff's Section 8 benefits, all in violation of 24 CFR § 982.555 (e)(4).

   d. Denying Plaintiff her due process rights by terminating Plaintiff's benefits prior to any opportunity for a due process hearing.

(Filing 1, ¶ 35.)

## B. *The Defendants' Response*

The defendants' sole argument for denial of the plaintiff's partial summary judgment motion[5] and for dismissal of the plaintiff's complaint is that each of the alleged due process violations "have not been inflicted upon Plaintiff by any OHA 'policy statement, ordinance, regulation, or decision officially adopted and promulgated by' OHA and, therefore, not subject to litigation under § 1983." (Filing 38-2, p. 8) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)). "In

---

[5] The plaintiff seeks only a partial summary judgment in that her motion is limited to seeking declaratory and injunctive relief. Her complaint also contains a request for compensatory and punitive damages.

fact," the defendants continue, "the evidence in this matter shows that OHA's 'policy statement, ordinance, regulation, or decision officially adopted and promulgated by' OHA would prevent each of the specific constitutional deprivations alleged by Plaintiff, . . .." (Filing 38-2, p. 9.) Specifically, defendants state that OHA's written policies and procedures require:

> a. That upon any decision related to the termination of a participant's housing assistance, the required notice must contain a statement of the reasons for the determination and a statement that the participant may request more detailed information concerning same (OHA Admin Plan, 19-3 through 19-4);
>
> b. That persons receiving housing assistance from OHA will not be required to report any increase in income or assets between their regularly scheduled annual examinations (OHA Admin Plan, 12-7);
>
> c. That any informal review must be conducted by a person other than the one who made or approved the decision under review, or a subordinate of this person (OHA Admin Plan, 19-6); and
>
> d. That Defendant OHA may not terminate a participant's housing assistance without a hearing in the following situations:
>> 1. A determination of the participant's annual or adjusted income and the use of such income to compute the housing assistance payment; or
>> 2. A determination to terminate assistance for a participant because of the participant's actions or failure to act.
>
> (OHA Admin Plan, 19-4).

(Filing 38-2, p. 9.)

Even if these policies and procedures were not followed in this case, the defendants argue, the plaintiff cannot maintain a § 1983 claim against OHA. That is, the written plan arguably insulates it from liability for any due process violations.

8

### *C. The Court's Analysis*

Although not discussed by the parties, there is a preliminary issue of whether Monell applies to a § 1983 claim where the plaintiff seeks declaratory or injunctive relief, as opposed to damages. The predominate view is that it does apply. See Dirrane v. Brookline Police Dep't, 315 F.3d 65, 71 & n. 4 (1st Cir. 2002) (citing cases). But see Chaloux v. Killeen, 886 F.2d 247, 250-51 (9th Cir. 1989) (Monell does not apply to claims for prospective relief). The Eighth Circuit does not appear to have addressed this issue directly, but it has applied Monell in cases involving claims for declaratory and injunctive relief. See, e.g., Steele v. Van Buren Public School Dist., 845 F.2d 1492 (8th Cir. 1988) (upholding finding that school district had a custom or policy of allowing prayer in school). Thus, it will be assumed that the defendants' Monell argument is pertinent to both summary judgment motions.

The plaintiff tacitly concedes that she cannot sue the defendants on the basis of an official policy, but she argues that OHA's written plan does not provide a complete defense. This is correct. See Ware v. Jackson County, 150 F.3d 873, 884 (8th Cir. 1998) (county's written policies cannot insulate it from § 1983 liability where there is evidence of a pattern of misconduct).

Monell liability also attaches "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Kuha v. City of Minnetonka, 365 F.3d 590, 603 (8th Cir. 2003) (quoting Monell, 436 U.S. at 690-91). However, in order to ensure that Monell liability does not collapse into respondeat superior liability, the Supreme Court has instructed courts to employ strict standards of causation and culpability. Id. (citing Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 405 (1997)). Consequently, the Eighth Circuit differentiates between the showing necessary when a plaintiff alleges an unconstitutional policy and when a plaintiff alleges an unconstitutional custom. Id.

> A plaintiff may establish municipal liability under § 1983 by proving that his or her constitutional rights were violated by an "action pursuant to official municipal policy" or misconduct so pervasive among non-policymaking employees of the municipality "as to constitute a 'custom or usage' with the force of law." Monell v. Department of Soc. Serv., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (Monell) (internal quotation omitted); see also McGautha v. Jackson County, 36 F.3d 53, 55-57 (8th Cir. 1994) (McGautha); Jane Doe A v. Special Sch. Dist., 901 F.2d 642, 646 (8th Cir.1990) (Jane Doe A). "Official policy involves 'a deliberate choice to follow a course of action * * * made from among various alternatives' by an official who [is determined by state law to have] the final authority to establish governmental policy." Jane Doe A, 901 F.2d at 645. Alternatively, "custom or usage" is demonstrated by:
>> (1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>> (2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>> (3) Th[e] plaintiff['s] injur[y] by acts pursuant to the governmental entity's custom, i.e., [proof] that the custom was the moving force behind the constitutional violation.
> Id. at 646 (citing Harris v. City of Pagedale, 821 F.2d 499, 504-07 (8th Cir. 1987) (Harris)).

Id., 365 F.3d at 603-04 (quoting Ware, 150 F.3d at 880). See also Mettler v. Whitledge, 165 F.3d 1197 (8th Cir. 1999) (Eighth Circuit does not use the terms "policy" and "custom" interchangeably when conducting a Monell analysis).

The defendants' evidence pertains only to the "policy" theory of liability, and they have conclusively demonstrated that the alleged deprivations of the plaintiff's rights would not have occurred if OHA's official policy were followed. Thus, the defendants are entitled to partial summary judgment. However, they have presented

10

no evidence regarding the "custom" theory of liability.[6] As to that aspect of the case, therefore, their summary judgment motion will be treated as a motion to dismiss.[7] See Wever v. Lincoln County, 388 F.3d 601, 607 (8th Cir. 2004); N. Ark. Med. Ctr. v. Barrett, 962 F.2d 780, 784 (8th Cir.1992) (recognizing that a summary judgment motion based on the pleadings is the "functional equivalent" of a motion to dismiss).

A plaintiff need not specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss. Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 591 (8th Cir. 2004); Doe v. Sch. Dist. of Norfolk, 340 F.3d 605, 614 (8th Cir. 2003).

> [A] plaintiff may not be privy to the facts necessary to accurately describe or identify any policies or customs which may have caused the deprivation of a constitutional right. Moreover, such a holding would disregard the liberality of Fed.R.Civ.P. 8(a)(2) which requires merely "a short and plain statement of the claim showing that the pleader is entitled to relief," and 8(f), which states "pleadings shall be so construed as to do substantial justice."

Id. Accordingly, the plaintiff's complaint is not deficient because she failed to incorporate language specifically alleging the existence of an unconstitutional policy or custom. Id. At a minimum, however, a complaint must allege facts which would support the existence of an unconstitutional policy or custom. Id.

---

[6] Considering that the complaint specifically references the OHA written plan (see Filing 1, ¶¶ 13, 35b), the defendants should have anticipated that the plaintiff would be relying upon a "custom" theory of liability for at least part of her claim.

[7] Technically, it is the functional equivalent of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), but such a motion (which is filed "[a]fter the pleadings are closed") is subject to the same standard of review as a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). See Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

I agree with the defendants that the plaintiff's complaint does not contain sufficient facts to support the existence of an unconstitutional custom. Considering the posture of the case, however, I conclude that the plaintiff should be allowed an opportunity to amend, if possible, to cure this pleading deficiency.[8]

In this connection, I would suggest that the parties examine carefully whether the plaintiff is claiming constitutional violations or merely regulatory violations, and, if the latter, whether such claims are actionable under § 1983. See, e.g., Caswell v. City of Detroit Housing Com'n, — F.3d — , 2005 WL 1940476 (6th Cir. Aug. 15, 2005) (no § 1983 liability for violations of 24 C.F.R. § 982.311(b)).

IT IS ORDERED that:

1. Defendants' motion for leave to file amended brief and evidence index (filing 38) is granted instanter.

2. Plaintiff's motion for partial summary judgment (filing 29) is denied.

3. Defendants' motion for summary judgment (filing 35) is granted

4. Plaintiff is granted leave to file an amended complaint within 10 days that states a claim for relief under § 1983 based upon a "custom" theory of liability. If an amended complaint is not filed within 10 days, a final judgment dismissing the action with prejudice will be entered.

September 6, 2005.                    BY THE COURT:

                                      s/ *Richard G. Kopf*
                                      United States District Judge

---

[8] Leave to amend may be granted even after summary judgment has been entered. See Humphreys v. Roche Biomedical Laboratories, Inc., 990 F.2d 1078, 1082 (8th Cir. 1993).