IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JO-ANN FIELDS, individually and on behalf of CAMERON FIELDS and CHERISH FIELDS, minor children,<br><br>          Plaintiff,<br>     vs.<br><br>OMAHA HOUSING AUTHORITY and BRAD ASHFORD,<br><br>          Defendants. | 8:04CV554<br><br>**MEMORANDUM AND ORDER** |

The plaintiff, Jo-Ann Fields, claims that she and her children were unlawfully terminated from a federally funded "Section 8" housing assistance payments program[1] that is administered by the Omaha Housing Authority (OHA). At issue is whether her claims against OHA and its executive director, Brad Ashford, in his official capacity, for damages and injunctive relief are actionable under 42 U.S.C. § 1983.

The defendants previously moved for summary judgment solely on the basis that Fields had not alleged, and could not prove, the existence of an unconstitutional municipal policy.[2] I granted the motion but also granted Fields leave to amend to pursue an alternative theory of liability by alleging facts to show the existence of an unconstitutional custom.

Fields has now filed an amended complaint, and the defendants have again moved for summary judgment. The defendants do not challenge the sufficiency of

---

[1] Section 8 of the Housing Act of 1937, 42 U.S.C. § 1437f.

[2] Essentially, the defendants argued that their official policies prohibit the very conduct about which Fields is complaining.

Fields' "custom" allegations or contend that there is not evidence to support such allegations, but instead argue that Fields cannot maintain a § 1983 action based upon alleged violations of 42 U.S.C. § 1437d(k)[3] and implementing regulations.[4]

---

[3] The statute provides in relevant part:

> The Secretary [of Housing and Urban Development ("HUD")] shall by regulation require each public housing agency receiving assistance under this chapter to establish and implement an administrative grievance procedure under which tenants will—
>
> (1) be advised of the specific grounds of any proposed adverse public housing agency action;
>
> (2) have an opportunity for a hearing before an impartial party upon timely request within any period applicable under subsection (l) of this section;
>
> (3) have an opportunity to examine any documents or records or regulations related to the proposed action;
>
> (4) be entitled to be represented by another person of their choice at any hearing;
>
> (5) be entitled to ask questions of witnesses and have others make statements on their behalf; and
>
> (6) be entitled to receive a written decision by the public housing agency on the proposed action.

42 U.S.C.A. § 1437d(k) (West Supp. 2005).

[4] Fields alleges that OHA violated 24 C.F.R. § 982.555(c)(1) and (e)(4), and also Chapter 12, Section G, of OHA's Section 8 Administrative Plan, which provides:

> Families will not be required to report increases in Income/Assets between regular annual re-examinations.

2

I disagree, and find that there are genuine issues of material fact regarding OHA's compliance with its established grievance procedures, at least insofar as Fields is concerned.[5]

---

Section 982.555 of the HUD regulations provides, in relevant part:

> (a) When hearing is required.—
>> (1) A PHA must give a participant family an opportunity for an informal hearing to consider whether the following PHA decisions relating to the individual circumstances of a participant family are in accordance with the law, HUD regulations and PHA policies:
>>> (i) A determination of the family's annual or adjusted income, and the use of such income to compute the housing assistance payment.
>>> . . .
>
> (c) Notice to family.
>> (1) In the cases described in paragraphs (a)(1)(i), (ii) and (iii) of this section, the PHA must notify the family that the family may ask for an explanation of the basis of the PHA determination, and that if the family does not agree with the determination, the family may request an informal hearing on the decision.
>> . . .
>
> (e) Hearing procedure.—
>> . . .
>> (4) Hearing officer: Appointment and authority.
>>> (i) The hearing may be conducted by any person or persons designated by the PHA, other than a person who made or approved the decision under review or a subordinate of this person.
>>> . . .

24 C.F.R. § 982.555.

[5] Fields has filed numerous objections (filing 56) to the defendants' evidence. Because I see no need to rule upon them at this time, I will simply deny the objections without prejudice to their reassertion at the time of trial.

The defendants' motion will be denied, except that I will dismiss that portion of Count II of the amended complaint (paragraph 45b) wherein Fields alleges that her benefits were terminated in violation of Chapter 12, Section G, of OHA's Section 8 Administrative Plan. Also, Brad Ashford will be dismissed from the action because the claim against him is redundant to the claim against OHA.[6] See Artis v. Francis Howell North Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998) (approving dismissal of redundant "official capacity" claim).

Thus, two due process claims[7] remain for trial:

1. A claim that OHA increased Fields' rent retroactively without affording her an adequate explanation or the opportunity for a hearing as required by 42 U.S.C. § 1437d(k) and 24 C.F.R. § 982.555(a)(1)(i) and (c)(1). (See amended complaint, ¶¶ 43a and 45a.)

2. A claim that a hearing conducted with respect to OHA's decision to terminate Fields' Section 8 benefits violated 42 U.S.C. § 1437d(k)(2) and 24 C.F.R. § 982.555(e)(4)(i) because the hearing panel was composed of subordinates of the applicable decision maker. (See amended complaint, ¶¶ 43b and 45c.)

---

[6] Defendants have requested such dismissal as part of their motion, and Fields has presented no opposition.

[7] Although the amended complaint is divided into two counts, with Count I containing allegations that Fields was deprived of a property interest in violation of the Fifth and Fourteenth Amendments, and Count II containing allegations that OHA violated the referenced statutory and regulatory provisions, they involve two common claims. The defendants have challenged only Count II, and I grant their motion only with respect to a claim that is not also included in Count I (i.e., Fields' claim that the rent recalculation was improper under OHA's Section 8 Administrative Plan).

4

The evidence shows that Fields was sent a letter on April 20, 2004, notifying her that because she had failed to report an increase in monthly income of $100 or more within 10 days of the change, her rent had been recalculated retroactively and, as a result, she owed OHA the sum of $3,876. The letter demanded repayment of 20% of this sum by May 28, 2004, and the execution of a 2-year promissory note for the balance. Fields was informed that her Section 8 benefits would be terminated if she did not comply. Fields was not notified in the letter that she had a right to ask for an explanation of the rent recalculation or to request a hearing.

On August 11, 2004, Fields was sent a second letter. It stated that her Section 8 benefits were terminated, as of June 1, 2004, for not signing the promissory note. This letter notified Fields that she had the right to request a hearing, and a hearing was in fact held on September 21, 2004. The 3-member hearing panel recommended that Fields remain terminated from the Section 8 program "due to her lack of response to sign Promissory Note." Fields states that the hearing focused on this limited issue, and that she was not provided an opportunity to dispute the rent recalculation or to obtain an explanation as to why she allegedly owed the money. It appears that the members of the hearing panel were all subordinates of the person who sent the initial letter, but that none of them were employed in OHA's Section 8 department.

The Eighth Circuit has stated that "Section 1983 is the proper means by which a public housing tenant may challenge the action of a state housing agency that violates the United States Housing Act." Hunter v. Underwood, 362 F.2d 468, 477 (8th Cir. 2004) (citing Wright v. City of Roanoke Redev. & Hous. Auth., 479 U.S. 418, 423-29 (1987)). Although our Court of Appeals has not ruled on the narrower question of whether § 1983 can remedy a violation of 42 U.S.C. § 1437d(k), other courts have recognized the existence of such a private right of action. See Morse v. Philadelphia Housing Authority, No. Civ. A 03-CV-814, 2003 WL 22097784, *2 (E.D.Pa. Aug. 12, 2003); Conway v. Housing Authority of City of Asheville, 239 F. Supp. 2d 593, 598-99 (W.D.N.C. 2002); Saxton v. Housing Authority of City of

Tacoma, 1 F.3d 881, 883-84 (9th Cir. 1993); Farley v. Philadelphia Housing Authority, 102 F.3d 697, 702-04 (3rd Cir. 1996); Samuels v. District of Columbia, 770 F.2d 184, 193-98 (D.C.Cir. 1985).  These cases also recognize that the violation of a regulation adopted pursuant to § 1437d(k) is actionable under § 1983.  See also Caswell v. City of Detroit Housing Com'n, 418 F.3d 615, 620-21 (6th Cir. 2005) (due process claim based on alleged violation of 24 C.F.R. § 982.555(a)(2), requiring public housing authority ("PHA") to give the opportunity for an informal hearing before PHA terminates housing assistance payments); Tomlinson v. Machin, No. 8:05CV1880T30MSS, 2005 WL 2578680, *1 (M.D.Fla. Oct. 13, 2005) (due process claim based on alleged violation of 24 C.F.R. § 982.555(e)(5), requiring party to be given opportunity to question witnesses); Litsey v. Housing Authority of Bardstown, No. 3:99CV-114-H, 1999 WL 33604017, *3 (W.D.Ky. 1999) ("Filing suit under 42 U.S.C. § 1983 is an appropriate vehicle to challenge actions under the Housing Act of 1937 and its implementing regulations.").  I likewise conclude that Fields' due process claims arising under 24 U.S.C. § 1437d(k) and 24 C.F.R. § 982.555 are actionable under 42U.S.C. § 1983.

On the other hand, the provision of OHA's Section 8 Administrative Plan that Fields relies upon was not adopted with reference to the tenant grievance procedures that are required by 24 C.F.R. § 982.555.  Rather, it pertains to 24 C.F.R. § 982.516(c), which states that "[t]he PHA must adopt policies prescribing when and under what conditions the family must report a change in family income or composition."  Fields argues that OHA's policy did not require her to report any change in income between regular annual re-examinations, and that the stated reason for the rent recalculation was therefore improper.  While this argument appears to have merit, Fields has not stated an actionable claim under § 1983.

By statute, each public housing agency is required to "establish procedures that are appropriate and necessary to ensure that income data provided to the agency . . . is complete and accurate[,]" and, "not less frequently than annually, [to] conduct a

6

review of the family income of each family receiving assistance . . ..'' 24 U.S.C. § 1437f(o)(5)(B). Unlike § 1437d(k), which requires HUD to adopt regulations so that public housing agencies will implement grievance procedures and afford tenants specified rights, § 1437f(o) "does not . . . contain any indication that Congress intended it to confer enforceable rights on plaintiffs." Thomas v. Butzen, No. 04 C 5555, 2005 WL 2387676, *11 (N.D.Ill., Sep. 26, 2005). Consequently, Fields cannot maintain an action under § 1983 by claiming that OHA failed to follow its written policy for reviewing family income. See Gonzago University v. Doe, 536 U.S. 273, 283 (2002) (nothing short of an unambiguously conferred right will support a cause of action brought under § 1983).

In summary, I conclude that Fields is entitled to challenge the termination of her Section 8 benefits on the grounds that she was not afforded an impartial hearing and that she was not earlier informed of her right to obtain information and a hearing regarding the rent recalculation. Whether the rent recalculation itself was improper will not be determined in this litigation.

IT IS ORDERED that

1. Plaintiff's objections to Defendants' evidence (filing 56) are denied without prejudice to their reassertion at trial.

2. Defendants' motion for summary judgment (filing 51) is granted in part and denied in part, as follows:
    a. Paragraph 45b of Count II of the amended complaint is dismissed;
    b. Brad Ashford is dismissed as a party defendant; and
    c. In all other respects, the motion is denied.

January 23, 2006.                              BY THE COURT:
                                                        s/ *Richard G. Kopf*
                                                        United States District Judge