```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA

JO-ANN FIELDS, CAMERON FIELDS    )
and CHERISH FIELDS,              )
                                 )
               Plaintiffs,       )         8:04CV554
                                 )
         v.                      )
                                 )
OMAHA HOUSING AUTHORITY,         )         MEMORANDUM AND ORDER
                                 )
               Defendant.        )
                                 )
```

Plaintiffs have moved for an order compelling discovery and imposing sanctions on the defendant. The motion refers to discovery requests served on defendant's counsel in February and November, 2005. Plaintiffs also move for a continuance of the pretrial conference and trial, arguing that they cannot proceed without the requested discovery. Defendant has opposed the discovery motion.

First, regarding the discovery served in November, 2005, plaintiffs' counsel has not complied with the provisions of NECivR 7.1(i) in that there is no recitation of any "conference" between counsel on the resolving of this discovery dispute. The rule requires "person-to-person" conversation, not an exchange of letters, faxes, emails, etc., except where a showing has been made that attempts at such conversation have been thwarted by opposing counsel. No such showing has been made here. Therefore, that portion of the motion must be denied.

Regarding the portion of the motion referring to prior discovery requests that the court previously ordered answered on October 11 and 20, 2005, those orders, filings 46 and 48, were entered after telephone conferences with counsel in which the

discovery at issue was discussed and the defendant's objections overruled. The plaintiffs' motion recites that the information provided to plaintiff after the entry of those orders does not meet the requirements of the court's orders.

Defendant has opposed the motion, arguing, with respect to the first discovery requests, that they seek irrelevant information because the case pertains only to the plaintiffs, and not to additional or other individuals who may have been similarly treated. Plaintiffs respond by arguing that the court's earlier ruling indicating that plaintiff must show "custom" in accordance with *Monell v. Department of Social Services*, 436 U.S. 658 (1978) (Memorandum and Order of September 6, 2005, filing 42), makes relevant the treatment that others received in respect to the plaintiffs' claims. I agreed last October and subsequently ordered the discovery answered.

Defendant now argues that the court's ruling on the second motion for summary judgment somehow constricted the scope of relevance. See Memorandum and Order of January 23, 2006, filing 63. It did not. Plaintiffs' two due process claims against the defendant Omaha Housing Authority remain due process claims. That description means they include all the elements of such a claim. Since the claim is being asserted against a municipal corporation, *Monell* requires that the plaintiff prove that the deprivations complained of were the result of the defendant's "custom, policy, or practice" as set forth in *Monell* and its progeny.

Disobeying a court order is a serious act. Had defendant's counsel had doubts about the effects of the ruling on the second motion for summary judgment, rather than unilaterally choosing to

disobey the court's discovery orders, guidance could have been sought by appropriate motion. I do not find the arguments of the defendant "substantially justified."

IT THEREFORE HEREBY IS ORDERED:

1. The motion to compel and for sanctions, filing 66, is granted in part, as follows:

> a. Defendant shall provide all information requested in the plaintiffs' first discovery requests not later than May 8, 2006.
>
> b. In the absence of complete compliance with the foregoing subparagraph, the following shall be taken as true for all purposes in this litigation: "All actions taken by the defendant in relation to the plaintiffs' claims were taken in accordance with defendant's properly adopted and implemented rules, procedures, policies, practices, and customs."

2. That portion of the motion which addresses discovery requests served November 23, 2005 is denied.

3. Plaintiffs are awarded their expenses and fees in connection with bringing this discovery sanction motion before the court. Plaintiffs may file their application for such fees and expenses on or before May 8, 2006, showing reductions in the application for time and expenses expended in relation to the portions of the motion which have been denied. Defendant may respond on or before May 22, 2006. If either side desires a hearing on the fee application, request therefor shall be made part of the application or the response, as applicable. Any award made under this paragraph shall become part of the judgment eventually entered in this case, unless the clerk is notified in writing prior to the entry of judgment that the award has been paid, such notice being accompanied by proof of payment.

4. Plaintiffs' motion for continuance of pretrial conference and trial, filing 70, is granted in part, and:

> a. The pretrial conference is continued to June 1, 2006 at 10:00 a.m. in the chambers of the undersigned; and
>
> b. Trial is continued to June 26, 2006 at 9:00 a.m. before the Honorable Richard G. Kopf in Courtroom 1,

United States Courthouse and Federal Building, 100 Centennial Mall North, Lincoln, Nebraska.  Trial is subject to the prior disposition or continuance of any criminal matters which may be set for that week as well as *Metro Renovation v. Allied Group*, 4:05cv3083.  Jury selection will be held at commencement of trial.

DATED this 25th day of April, 2006.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge